### VANT WOUD RUBBER CO. v. STERNAU et al.

(Circuit Court, S. D. New York. April 27, 1906.)

PATENTS—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

    A bill to recover damages and profits for infringement of a patent, which merely alleges that it was issued in due form of law on application "to the proper department of the government," and while alleging title in complainant by assignment does not show the date of such assignment, nor that it carried the right to past damages, is insufficient.

In Equity. On demurrer to bill.

Whittaker & Prevost, for plaintiff.

Richard N. Dyer and John Robert Taylor, for defendants.

WHEELER, District Judge. This suit is brought upon three alleged patents against the defendants as a firm, and has been heard on demurrer. The bill alleges that:

"The patentee made application for letters patent to the proper department of the government of the United States, in accordance with the then existing laws of Congress, and, having duly complied in all respects with the requirements of said laws, on the 23d day of August, 1892, letters patent to the United States No. 481,359, signed, sealed and executed in due form of law for the said invention, improvement, and discovery, were issued and delivered to the said Arthur Kahn, whereby there was secured to him, to. his heirs, executors, administrators, and assigns, for the term of seventeen years

from the said date of issue, the full and exclusive right of making, using, and vending to others to be used, the said improvements. That by certain assignments and mesne assignments, instruments in writing, duly recorded in the records of transfer of title in the United States Patent Office, the entire right, title, and interest in and to the said patent No. 481,359, and in and to all claims for damages and profits arising from the use, manufacture, and sale of said invention, became and are vested in your orator."

—and has the same allegations as to the other two patents, with proper changes of name of inventor, number, and date, and that:

"The said defendants have well known all the facts hereinbefore set forth, and have been duly notified of the date and grant of your orator's said letters patent and of the said defendant's infringement thereof, but nevertheless they, prior to the filing of this bill, made, sold, and used, and after said notice, without license of your orator, against your orator's will and in violation of your orator's rights, now continue to make, sell, and use, within the Southern District of New York and elsewhere, bath sprays and massage devices, in some parts thereof substantially the same in construction and operation as in the said letters patent respectively claimed, the exclusive right and privilege to make, sell, and use which are thus by law vested in your orator, and refuse to pay to your orator any of the profits which have been made by such unlawful manufacture, sale, and use, or to desist from further infringement of said letters patent."

The sufficiency of these allegations to show proper patents and right of recovery thereon is challenged, with others relating to the originality of the inventions as foundations for the applications. In one respect lack of the latter is conceded, and leave to amend asked.

The most important question relates to the issue of the patent. The government does not own inventions, nor any monopoly of them, but under the Constitution provides for creating a right to exclusive use by the Patent Office, through acts of agencies prescribed for that purpose. The Patent Office is within the Department of the Interior, but that department as such does not issue patents as it transacts its ordinary business, but only by the acts of the Commissioner of Patents and his assistants, subject to appeal in certain cases. This fully seems to appear from Butterworth v. Hoe, 112 U. S. 50, 5 Sup. Ct. 25, 28 L. Ed. 656. Showing merely that on application to the "proper department of the government," patents were issued does not show that they were issued by the proper officers, which should be and usually is done by their names of office. The right of recovery of profits and damages accrues to the owners of the patents at the time, and assignments should be set out with sufficient particularity to show that it accrued to the plaintiff. These choses in action are not so assignable as to give a right of recovery in the name of the assignee. Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544, 27 L. Ed. 271. The allegations here seem to be framed upon the idea that by the assignments the plaintiff has the right to recover the profits and damages from the beginning, and therefore those accruing to the plaintiff are not separated. The bill seems to be very defective in these respects, and the demurrer must be sustained. Amendments should be allowed, but they are so important, on payment of costs.

Demurrer sustained, and bill adjudged insufficient, with leave to amend on payment of costs within 30 days, or bill to be dismissed, with costs.